## UNITED STATES COURT OF INTERNATIONAL TRADE

-----------------------------------------------------------X

**LIBERTY WOODS INTERNATIONAL, INC.,**

          **Plaintiff,**

      **v.**

**UNITED STATES**

          **Defendant.**

-----------------------------------------------------------X

**Before:**

**Court No.  20-cv-00143**

## <u>COMPLAINT</u>

Plaintiff Liberty Woods International, Inc. ("Liberty Woods") by and through its attorneys, brings this civil action and alleges the following:

### <u>Parties</u>

1.    Liberty Woods is a U.S. importer of hardwood plywood manufactured by Vietnam Finewood Company Limited ("Finewood") identified in the formal Notice of Initiation of Investigation and Interim Measures[1] (Nov. 20, 2018) ("Notice of Initiation") issued by the U.S. Customs and Border Patrol ("CBP") in its investigation under 19 U.S.C. §1517, the Enforce and Protect Act, or "EAPA," and is thus an "interested party" under 19 U.S.C. §1517(a)(6)(A)(i) ("EAPA Inv. No. 7252").

2.    Upon information and belief, Finewood is a privately held company organized under the laws of Vietnam that produces hardwood plywood in Vietnam and exports hardwood plywood to the United States.  Finewood is a party to an investigation initiated by CBP under the

---

[1] Available at: https://www.cbp.gov/trade/trade-enforcement/tftea/enforce-and-protect-act-eapa/notices-action.

EAPA which provides for procedures for investigating claims of evasion of antidumping ("AD") and countervailing duty ("CVD") orders.  *See* 19 U.S.C. §1517.  As the foreign producer and exporter of hardwood plywood, Finewood is an "interested party" in accordance with 19 U.S.C. §1517(a)(6)(A)(i).

3.      Defendant is the United States of America, acting by and through CBP and the U.S. Department of Commerce ("Commerce").

## Procedural Background

***The Initial Action***

4.      On December 27, 2019, Finewood, instituted an action in the Court of International Trade pursuant to 28 U.S.C. §1581(i)(2) and (4) contesting (1) CBP's failure to conclude its EAPA Investigation within the statutory time frame provided for in 19 U.S.C. §1517(c)(1)(A) and (B), and (2) CBP's scope referral to the U.S. Department of Commerce ("Commerce") in the EAPA Investigation in which CBP is requesting clarification as to "whether 2-ply cores of Chinese origin, which are further processed in Vietnam to include the face and back veneers of non-coniferous wood" (Scope Referral Request re EAPA Investigation No. 7252 at 2), are within the scope of the AD/CVD orders issued by the Department.[2] (*See Vietnam Finewood Company Limited,* et al. *v. United States,* Court No. 19-218 (the "Initial Action") at ECF No. 5 ("Compl.") (Dec. 27, 2019) and at ECF No. 13 ("Amended Compl.") (Jan. 13, 2020)).

---

[2]      *See Certain Hardwood Plywood from the People's Republic of China: Antidumping Order*, 83 Fed. Reg 504 (Dept. Commerce, Jan. 4, 2018); *Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dept. Commerce, Jan. 4, 2018) (together, the "Orders").

5.      On February 13, 2020, Liberty Woods filed a renewed motion to intervene as a Plaintiff-Intervenor in the Initial Action pursuant to Rule 24(b) of this Court accompanied by a complaint.  (*See* Ren. Consent Mot. to Intervene and Complaint, Initial Action at ECF Nos. 29 and 30).

6.      On February 14, 2020, the Court issued an order granting Liberty Woods' renewed motion to intervene and ordered that Liberty Woods be entered as a plaintiff-intervenor in the Initial Action.  (*See* Order on Ren. Mot. to Intervene, Initial Action at ECF No. 31).  That same day, Liberty Woods' complaint was deemed filed by the Court.  (Initial Action at ECF No. 32).

7.      On March 16, 2020, the government moved to dismiss the Initial Action for lack of subject-matter jurisdiction, arguing that plaintiffs and plaintiff-intervenor Liberty Woods "inappropriately attempted to invoke this Court's 28 U.S.C. §1581(i) residual jurisdiction in challenging actions by CBP during the course of its ongoing investigation pursuant to the [EAPA] prior to the issuance of a final determination." (*Id.* at ECF No. 41).

8.      On June 11, 2020, Liberty Woods joined Finewood's Motion for Leave to File a Supplemental Pleading in the Initial Action, and filed its own draft Supplemental Complaint which included additional claims challenging CBP's unlawful lifting of suspension and liquidation of Finewood's entries imported by Liberty Woods in violation of 19 U.S.C. §1517(e)(1) & (2).

9.      On July 1, 2020, counsel for the government informed the Court about the possibility of the parties entering into a partial stipulation with respect to the additional claims in the Supplemental Pleading regarding the liquidated entries that would result in "voiding the liquidation of the entries, resetting the liquidated entries to an unliquidated status, and continuing

to suspend the entries pending a final EAPA determination by CBP, without the need for adjudication of the merits." (Def.'s Motion to Extend Time to Respond to Motion for Leave at 3, Initial Action, ECF No. 63; *see also,* July 31, 2020 Opinion and Order by the Court at fn. 7, Initial Action, ECF No. 67.1).

10.     On July 14, 2020, the Court convened a teleconference with all of the parties in the Initial Action.  On the call, the Court expressed serious concerns about the appropriateness of the government's actions, and appreciation that the parties were working towards a stipulation regarding the additional claims raised in the Supplemental Pleading.  The Court also informed the parties of its intention to issue an Order dismissing the action for lack of subject-matter jurisdiction.  (*See* Initial Action, ECF No. 66).

11.     On July 31, 2020, this Court issued an Opinion and Order in the Initial Action denying plaintiffs and Liberty Woods' Motion for Leave to File a Supplemental Pleading, and granting the government's Motion to Dismiss for lack of subject-matter jurisdiction.  That same day, the Court entered a judgment dismissing the Initial Action.  (*Id.* at ECF 67.1 and 68).

## Jurisdiction

12.     This Court has jurisdiction in accordance with 28 U.S.C. §1581(i)(2) (concerning tariffs and fees) and (4) (concerning the enforcement of the trade laws) to declare Commerce's instruction to liquidate entries of Finewood's merchandise was invalid and violated 19 C.F.R. §351.225(l)(1), which requires that where Commerce conducts a scope inquiry under paragraph (b) or (e) of the subsection, and the product in question is already subject to suspension of liquidation, that suspension of liquidation will be continued, pending a preliminary or a final scope ruling, and to order the relief Liberty Woods requests.

13.     Pursuant to 28 U.S.C. §1581(i)(2), this Court has jurisdiction over civil actions arising from U.S. laws providing for tariffs, duties, fees, and other taxes on the importation of merchandise (other than for raising of revenue).  19 U.S.C. §§1517(d)(1)(D) and (e)(3) allow CBP to require the posting of cash deposits and assess duties on entries of merchandise covered by the EAPA Investigation.

14.     Pursuant to 28 U.S.C. §1581(i)(4), this Court has jurisdiction over civil actions arising from U.S. laws providing for the administration and enforcement of the antidumping, countervailing duty, and evasion laws cited in 28 U.S.C. §1581(c) – 19 U.S.C. §§1516a and 1517.

15.     As set forth in the Notice of Initiation, CBP imposed interim measures on several U.S. importers of hardwood plywood[3], including Liberty Woods.  First, CBP directed that "all unliquidated entries of imported merchandise under this investigation that entered the United States as not subject to AD duties will be rate-adjusted to reflect that they are subject to the AD/CVD orders on hardwood plywood from China . . . ." (Notice of Initiation at 4).  In addition, CBP has required "live entry" for all future imports from the U.S. Importers, "meaning that all entry documents and duties must be provided before cargo is released by CBP into the U.S. commerce."  (*Id.*).  These interim measures have been in place since the date of the Notice of Initiation and continue to the current day.

16.     Notwithstanding CBP's notice of suspension of liquidation of Finewood's U.S. imports of hardwood plywood from Vietnam in accordance with 19 U.S.C. §1517(e)(1) & (2), on

---

[3]     In addition to Liberty Woods, the Notice of Initiation identified the following U.S. importers of hardwood plywood:  Far East American, Inc. ("FEA"), American Pacific Plywood, Inc. ("APPI"), InterGlobal Forest ("IGF"), and Ciel Group, Inc. ("CGI") (collectively, the "U.S. Importers").

or about March 20, 2020, during the pendency of this litigation, CBP then prematurely liquidated all Liberty Woods' entries of Finewood merchandise that are the subject of this litigation and has demanded immediate payment of the alleged AD and CVD duties of over 200% *ad valorem* on the imported merchandise.

17.     Liberty Woods challenges CBP's unlawful lifting of suspension and liquidation of Finewood's entries imported by Liberty Woods in violation of 19 U.S.C. §1517(e)(1) & (2).

18.     Alternatively, Plaintiff challenges Commerce's liquidation instructions to CBP, to the extent that Commerce instructed CBP to liquidate the entries of Finewood merchandise because pursuant to 19 C.F.R. §351.225(l)(1), Commerce was required to continue the suspension of liquidation of Finewood entries pending a preliminary or final scope ruling.

19.     Liberty Woods has no recourse under 19 U.S.C. §1517(g) and 28 U.S.C. §1581(c) because CBP failed to complete its investigation and issue a final determination as required under the EAPA.

20.     Any future recourse to this Court under 19 U.S.C. §1517(g) and 28 U.S.C. §1581(c) would be manifestly inadequate because CBP has liquidated the U.S. Importers' relevant entries of Finewood merchandise with AD and CVD duties, and 19 U.S.C. §1517(g) and 28 U.S.C. §1581(c) cannot provide the fundamental, decisive, and full relief sought by Plaintiffs, namely liquidation of the subject entries without regard to AD and CVD duties.

21.     Any future recourse to this Court under 19 U.S.C. §1516a(a)(2)(B)(vi) and 28 U.S.C. §1581(c) also would be manifestly inadequate because CBP has liquidated the U.S. Importers' relevant entries of Finewood merchandise with AD and CVD duties, and 19 U.S.C. §1516a(a)(2)(B)(vi) and 28 U.S.C. §1581(c) cannot provide the fundamental, decisive, and full

relief sought by Liberty Woods, namely liquidation of the subject entries without regard to AD and CVD duties.

22.      CBP's premature liquidation of the entries that are the subject of this litigation violates 19 U.S.C. §1517(e)(1) & (2), which requires CBP to suspend liquidation of unliquidated entries and extend the period for liquidating entries of merchandise covered by an EAPA investigation.

23.      Alternatively, Commerce's liquidation instructions to CBP, to the extent that it instructed CBP to liquidate Liberty Woods' entries of Finewood merchandise, violates 19 C.F.R. §351.225(1), which requires Commerce to continue the suspension of liquidation of Finewood entries pending a preliminary or final scope ruling.

24.      CBP's liquidation of the subject entries effectively ends EAPA Inv. 7252 and Commerce's scope inquiry without the opportunity for Liberty Woods to challenge a CBP determination in an administrative review in accordance with 19 U.S.C. §1517(f) & 19 CFR §165.41 *ff.,* or, to challenge any final determination by CBP or Commerce in a court appeal thereafter under 28 U.S.C. §1581(c).

25.      Without a final determination on whether the covered merchandise was entered into the United States through evasion based on substantial evidence, CBP liquidated the relevant entries, imposing AD and CVD duties of 206% *ad valorem* on the merchandise, and sent payment demand letters to the U.S. Importers.

26.      Liberty Woods is adversely affected and aggrieved by CBP's action because the interim measures taken in accordance with 19 U.S.C. §1517(e) and 19 C.F.R. §165.24 based only a *reasonable suspicion* remain in place today, several months after the statutory deadline for CBP to issue its final determination in the EAPA Investigation, which must be based on

*substantial evidence* under the EAPA.  CBP's subsequent premature liquidation of the entries and assessment of AD and CVD duties violates Liberty Woods' right to due process.  *See* 19 U.S.C. §§1517(c)(1) & (2).

27.  No other adequate remedy in a court is available to Liberty Woods, and CBP's failure to complete its investigation is, at a minimum, subject to judicial review in accordance with 5 U.S.C. §704.

**Standing**

28.  Liberty Woods is a U.S. importer of the subject merchandise and participated as a named target in the EAPA Investigation, which alleged evasion of the Orders under 19 U.S.C. §1517.  Accordingly, Liberty Woods is an interested party under 19 U.S.C. §1517(a)(6)(A)(i).

29.  Liberty Woods has been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. §702 because CBP has unlawfully liquidated the entries subject to this litigation with the assessment of AD and CVD duties without a final determination of evasion supported by substantial evidence.  Therefore, Liberty Woods has standing to bring this action under 28 U.S.C. §2631(i) and 5 U.S.C. §§702 and 704.

**Timeliness**

30.  An action under 28 U.S.C. §1581(i) must be commenced within two years after the cause of action first accrues.  (*See* 28 U.S.C. §2636(i)).

31.  On or about March 20, 2020, CBP informed the U.S. Importers that it was lifting the suspension of liquidation on Finewood entries that are the subject of the EAPA Investigation and Commerce's scope inquiry. *See* 19 U.S.C. §1517(c)(4).

## **Facts**

32.     On January 4, 2018, the Department published the Orders on hardwood plywood from China.

33.     On November 20, 2018, CBP informed the U.S. Importers that it was initiating an EAPA Investigation into whether the U.S. Importers evaded the Orders by entering merchandise into the United States through evasion, and that it had imposed interim measures pursuant to 19 C.F.R. §165.24. (*See* Notice of Initiation at 1-2).

34.     On September 25, 2019, CBP informed the interested parties in the EAPA Investigation via email that it was referring EAPA Investigation No. 7252 to Commerce for a scope referral.  CBP's September 25, 2019 email did not provide the scope referral itself, nor did it provide any information on the nature of the scope referral.

35.     On January 13, 2020, after commencement of this litigation, Commerce initiated a scope inquiry, purportedly based on CBP's scope referral, although Commerce indicated in its initiation notice that the scope inquiry was "self-initiated."  *See* Dep't Commerce, *Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry*, 85 Fed. Reg. 3024 (Jan. 17, 2020) ("DOC Notice"). Commerce set May 18, 2020 as the deadline for its final determination in the scope inquiry, but gave notice that it could extend this deadline, if necessary.

36.     On January 21, 2020, Commerce made available to the public under cover of a memorandum concerning "Placement of Covered Merchandise Referral Documents on the Record" a second version of CBP's November 1, 2019 scope referral, including a date, addressees, and revisions to the referral.  (*See* Initial Action at ECF Doc. No. 22-2, Plaintiffs'

Memorandum in Support of Motion for Pre-liminary Injunction (February 3, 2020) at 3-6 and Attachments 2 & 3).

37.     On March 11, 2020 and March 19, 2020, Commerce sent instructions to CBP to liquidate entries of Finewood's merchandise "as entered".  Commerce's instructions were in violation of 19 C.F.R. §351.225(l)(1), which requires Commerce to continue suspension of liquidation of entries that are already subject to suspension of liquidation during a pending scope inquiry.

38.     On March 20, 2020, CBP liquidated Liberty Woods' entries of imports of Finewood's merchandise assessing AD and CVD duties of 206% *ad valorem*.  The deadline for Liberty Woods to protest the premature liquidations is September 16, 2020.

39.     On April 17, 2020, counsel for Finewood alerted CBP to these premature liquidations.  In response, CBP stated that it had received instructions from Commerce and was required to follow Commerce's instructions.

40.     On April 23, 2020, counsel for Finewood wrote to Commerce requesting that it issue instructions to CBP to reverse liquidation of entries of merchandise produced by Finewood and further suspend liquidation of these entries.

41.     On May 18, 2020, Commerce responded stating that it had no legal authority to direct CBP to re-suspend liquidated entries.  That same day, Commerce gave notice in its scope inquiry that it was extending the deadline for its final determination to June 30, 2020, unless Commerce determined that additional time is necessary.

42.     On June 9, 2020, Commerce initiated an anti-circumvention inquiry in accordance with 19 U.S.C. §1677j(b) covering all imports of hardwood plywood from Vietnam.  In its initiation notice, Commerce aligned the deadlines for EAPA Inv. No. 7252 with its anti-

circumvention inquiry.  In accordance with 19 U.S.C. §1677j(f), Commerce must complete its

anti-circumvention inquiry within 300 days, or, in this case, by April 15, 2021.  The statute

allows, however, that Commerce must follow this provision only to the "maximum extent

practicable," and, in practice, Commerce routinely extends the 300-day deadline.

43.    Commerce's regulations provide that if Commerce issues preliminary affirmative

determinations, it will instruct CBP to suspend liquidation and require a cash deposit of

estimated duties, at the applicable rate, for each unliquidated entry of the merchandise at issue,

entered or withdrawn from warehouse for consumption on or after the date of initiation of the

inquiries (19 CFR §351.225(l)(2)).  During the preliminary phase of Commerce's inquiries,

interested parties participate fully in Commerce's proceedings, and legal counsel to respondents

have full access to the complete confidential record under an administrative protective order.

44.    On June 9, 2020, Commerce also initiated a second scope inquiry in accordance

with 19 CFR §351.225(e) concerning hardwood and decorative plywood that has been further

processed in a third country, including but not limited to trimming, cutting, notching, punching,

drilling, or any other processing that would not otherwise remove the merchandise from the

scope of the Orders if performed in the country of manufacture of the in-scope product.

## COUNT I

45.    The allegations of paragraphs 1 through 44 are restated and incorporated herein

by reference.

46.    CBP's lifting of the suspension and liquidation of Liberty Woods' entries of

imports of Finewood's merchandise was unlawful in violation of 19 U.S.C. §1517(e)(1) & (2),

which provides that CBP must suspend liquidation of unliquidated entries and extend the period

for liquidating entries of merchandise covered by an EAPA investigation.  CBP's liquidation of

entries removes the basis for both CBP's EAPA Inv. 7252 as well as Commerce's scope inquiry. Defendant's arguments in a related action that CBP can stay its review of a protest or that CBP or Commerce or this Court will entertain further proceedings under a cause of action other than 28 U.S.C. §1581(i) is simply a future hypothesis that Defendants are in no position to guarantee. (*See* Initial Action, ECF No. 59 at 3).

47.     Pursuant to 19 CFR §173.2(b) and (c), CBP is authorized to review and correct errors at the time of a voluntary reliquidation of the U.S. Importers entries within 90 days after liquidation, or at the time an exaction is corrected within 90 days after the exaction was made.  In this case an error was made in CBP's demand for payment of AD and CVD duties without any legal basis.  Since the basis for CBP's demand for payment was the improper liquidation of entries, whether contrary to Commerce's instructions or in violation of 19 U.S.C. §1517(e)(1) & (2), the proper manner to correct CBP's error is by either reliquidation of the U.S. Importer's entries of the covered merchandise in accordance with Commerce's instructions at 0.00% duty rate or a resuspension of liquidation of the relevant rate of duty to correct the improper demand for payment of AD and CVD duties at this time.  Had CBP either properly liquidated Liberty Woods' entries in accordance with Commerce's instructions or violated 19 U.S.C. §1517(e)(1) & (2) in favor of Liberty Woods by an unintended lifting of suspension of liquidation and liquidated the entries with 0.00% AD and CVD duties, CBP most likely would not be as reluctant to use its authority under 19 CFR §173.2(b) and (c) to rectify the situation.

48.     In any case, this Court has the authority to grant Liberty Woods the relief it seeks by declaring CBP's liquidations unlawful and ordering CBP to either re-liquidate the entries or re-suspend liquidation of the entries under 28 U.S.C. §2643(c).

49.     Alternatively, Commerce's liquidation instructions related to the Finewood entries were unlawful and in violation of 19 C.F.R. §351.225(l)(1), which requires that where Commerce conducts a scope inquiry under paragraph (b) or (e) of the subsection, and the product in question is already subject to suspension of liquidation, that suspension of liquidation will be continued, pending a preliminary or a final scope ruling.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor respectfully requests judgment from the Court:

(1) Declaring CBP's liquidation of covered entries unlawful; and

(2) Ordering CBP to immediately reset suspension of liquidation until this litigation is resolved with a final and conclusive decision on the merits of this Complaint, or, alternatively until a final and conclusive determination is issued in EAPA Inv. No. 7252, including exhausting of the appeals process with respect to CBP's and Commerce's final determination; and

(7) Alternatively, declaring Commerce's liquidation instructions related to the Finewood entries to be unlawful and invalid and ordering Commerce to issue new instructions to CBP to immediately reset suspension of liquidation until a final scope ruling and conclusive determination is issued in EAPA Inv. No. 7252, including all appeals of CBP's and Commerce's final determination; and

(9) Granting such other relief as the Court may deem appropriate.


Dated:  August 5, 2020

Respectfully submitted,

/s/ Ellen M. Murphy
Ellen M. Murphy
Harry L. Clark
Nicole Lloret
Gregory I. Hume, Economist

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
Fax: (212) 506-5151
emurphy@orrick.com
nlloret@orrick.com

Columbia Center
1152 15th Street, NW
Washington, DC 20005
Phone: (202) 339-8400
Fax: (202) 339-8500
hclark@orrick.com
ghume@orrick.com

*Counsel for Liberty Woods International, Inc.*

14